Owria, per

Johnson, J.
The objection to the admissibility of the' plaintiff’s book of account as evidence, is founded on the informal and irregular manner in which it has been kept, and from the specimen exhibited on tire argument of this case, it is true that the manner is very unmercantile, and would, perhaps, shock a regular clerk, but the Court do not feel themselves at liberty to prescribe the mode in which merchants and shop-keepers shall keep then- books. The best informed amongst them, would perhaps differ about this matter, and if they are so kept as to be intelligible, I see no reason why they should not be equally admissible, whether they are kept by double or single entries, or as in this case, by setting apart, a page, or part of a page, for each customer, and exhibiting at one view the whole account, or whether the credits and payments are expressed by a formal entry of the amount, with the day and date, or by crossing the account, or writing on it in a strong hand, the word “ paid.” The books of such persons are allowed for evidence, and cannot, therefore, be excluded, but it does not follow that they may npt, upon the face, exhibit such evidence of fraud, as would justify a jury in discrediting them; and instances of that sort have occurred within my own observation; but that is a matter for the consideration of the jury, and not for the Court, and a sufficient motive might, it is thought, be found, to induce more attention to keeping books, in tire circumstance, that those in the most approved form would most likely obtain the most implicit credit. The defendant’s motion cannot, therefore, prevail on the first ground.
I was under the impression, while the 2d and 3rd grounds were under discussion, that the plaintiff had been permitted, himself, to testify that most of the goods were delivered to Kitty Roulain, by die order of the defendant’s testator; and I was prepared, on the authority of the case of Deas & Darby, 1 Nott & M’Cord, 436, to say that such evidence was inadmissible; but I find, on die examination of tire Judge’s report, that it was rejected, and those grounds rest on die circumstance that, the jury were permitted to draw the conclusion, that the whole account was just, from the fact that the defendant’s testator had given a note of $200 to plaintiff, which had been credited in part of the account.
The power of a jury, in this respect, is very latitudinary, but in general, where the law itself establishes a conclusion from a given state of facts, they cannot gainsay it— For the same reason that a receipt is prima facie evidence of a payment, a note given by a debtor to his book creditor, is a presumption of a setdement, and although neither is conclusive, the onus is thrown on the party denying.it, to shew that the receipt was given by mistake, or that the note was given for anodier consideration than the account claimed.
A stronger illustration of the correctness of this rale, than the present case, is not perhaps, furnished in the whole history of judicial proceedings.
The plaintiff exhibits here, an account against the defendant’s testator, for more than $400, for goods, the most of which were delivered to a third person, and he shews, that after they were so delivered, the plaintiff gave him a note in payment, for less than one *140 half of the amount. Now, every man of business knotv^ that the sole object of substituting a note for an account, is to shut the door upon future investigations, as to the account; and this is a rare instance, if such is the fact, in which a note has been given for a part of the amount only, when the whole was owing; and if I were at liberty to draw a conclusion from these facts, it would be, that the defendant’s testator rejected the account which now comes before us in so questionable á shape, and consented to pay only so much as he was bound for, which the plaintiff accepted. But this conclusion might do the plaintiff injustice, and I will turn it over to the proper forum, (the jury,) who will doubtless put It right.
The 4th and last ground, is, I think, fully sustained. . The entries made by the husband, the plaintiff, of goods delivered by his wife, in his absence, cannot be proved by the plaintiff; the wife is equally competent, and is higher evidence.^ The answer that the amount thus charged is inconsiderable, cannot avail — he could not distinguish the items, and how, therefore, can he undertake to speak of the amount? But it is enough that the jury have found the whole amount on evidence incompetent, at least in part.
New trial granted. (Signed,)
DAVID JOHNSON.
We concur. Abram Nott, C. J. Coloock.